| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe – State Bar No. 137019<br>Brandon J. Iskander – State Bar No. 300916<br>GOE FORSYTHE & HODGES LLP<br>17701 Cowan Avenue, Suite 210, Bldg. D<br>Irvine, CA 92614<br>rgoe@goeforlaw.com<br>biskander@goeforlaw.com<br><br>Telephone: (949) 798-2460<br>Facsimile:  (949) 955-9437<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Creditor Michelle McKinney | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  SANTA ANA DIVISION**

| In re:<br><br>PIECEMAKERS,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:24-bk-11522-SC<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| | DATE: 02/18/2026<br>TIME: 10:00 am<br>COURTROOM: 5C |

**Movant**: Michelle McKinney

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012    ☒ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: __01/28/2026__

GOE FORSYTHE & HODGES LLP
_____
Printed name of law firm (if applicable)

Brandon J. Iskander
_____
Printed name of individual Movant or attorney for Movant

/s/ Brandon J. Iskander
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                          F 4001-1.RFS.NONBK.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: McKinney v. Piecemakers, et. al

   b. *Docket number*: 30-2018-00983085-CU-OE-CJC

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
   Orange County Superior Court

   d. Causes of action or claims for relief (Claims):
   (1) labor violations, (2) financial abuse of a dependent adult, (3) intentional infliction of emotional distress

3. **Bankruptcy Case History:**

   a. ☒ A voluntary ☐ An involuntary   petition under chapter   ☐ 7 ☐ 11 ☐ 12 ☐ 13
   was filed on (*date*)  06/17/2024  .

   b. ☒ An order to convert this case to chapter   ☒ 7 ☐ 11 ☐ 12 ☐ 13
   was entered on (*date*) 01/29/2025  .

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☐ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                      Page 3                      **F 4001-1.RFS.NONBK.MOTION**

f. ☐ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (*specify*):
An order granting relief from the automatic stay or confirming that there is no stay protecting partners D. Follette and B. Stanfield is needed given Debtor's prepetition history of seeking contempt against Movant.

5. **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):


6. **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☐ Other evidence (*specify*):


7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.


Date:  01/28/2026

GOE FORSYTHE & HODGES LLP
Printed name of law firm (*if applicable*)

Brandon J. Iskander
Printed name of individual Movant or attorney for Movant


/s/ Brandon J. Iskander
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 5                          **F 4001-1.RFS.NONBK.MOTION**

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Christopher M. Heikaus Weaver _____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

    ☐ I am the Movant.
    ☒ I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐ I am employed by Movant as (*title and capacity*):
    ☐ Other (*specify*):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☒ Plaintiff
    ☐ Defendant
    ☐ Other (*specify):*

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action*: McKinney v. Piecemakers, et. al
    b.  *Docket number*: 30-2018-00983085-CU-OE-CJC
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
        Orange County Superior Court

5.  **Procedural Status of Nonbankruptcy Action**:

    a.  The Claims are:
        (1) California labor violations, (2) financial abuse of a dependent adult, and (3) intentional infliction of emotional distress. Judgment was entered in Movant's favor after a jury trial on October 25, 2023. Movant seeks to collect against nondebtor co-defendants Douglas Follette and Brenda Stanfield. Movant believes that the Trustee has no objection to McKinney's requested relief and will so stipulate.

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _1____.

    c.  The Nonbankruptcy Action was filed on *(date)* _04/02/2018__.

    d.  Trial or hearing began/is scheduled to begin on *(date)* _08/03/2022__.

    e.  The trial or hearing is estimated to require _____ days (*specify).*

    f.  Other plaintiffs in the Nonbankruptcy Action are (*specify*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                        Page 6                          **F 4001-1.RFS.NONBK.MOTION**

g.  Other defendants in the Nonbankruptcy Action are (*specify*):

Douglas Follette, an individual; Brenda Stanfield, an individual.

6.  **Grounds for relief from stay:**

a.  ☒  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☐  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.  ☐  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)  ☐  It is currently set for trial on (*date*) _____.

(2)  ☐  It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):

(3)  ☐  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2)  ☐  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

(3)  ☐  Multiple bankruptcy cases affecting the Property include:

(A) Case name:
Case number:                           Chapter:
Date filed:            Date discharged:            Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) Case name:

Case number:                              Chapter:

Date filed:              Date discharged:              Date dismissed:

Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

(C) Case name:

Case number:                              Chapter:

Date filed:              Date discharged:              Date dismissed:

Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the
Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☐ See attached continuation page for other facts justifying relief from stay.

7.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached
supplemental declaration(s).

a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would
have been entitled to relief from stay to proceed with these actions.

b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set
forth in Exhibit _____.

c.  ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

01/28/2026        Christopher M. Heikaus Weaver
Date                    Printed name                                        Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 8                          F 4001-1.RFS.NONBK.MOTION

EXHIBIT "1"

COURT OF APPEAL
4TH DISTRICT DIVISION 3
**ELECTRONICALLY RECEIVED**
Oct 25 2023
Brandon Henson, Clerk
By: L. De La Torre

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 10/25/2023                TIME: 01:36:00 PM        DEPT: C11

JUDICIAL OFFICER PRESIDING: John C. Gastelum
CLERK: J. Roa
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2018-00983085-CU-OE-CJC**    CASE INIT.DATE: 04/02/2018
CASE TITLE: **McKinney vs. Piecemakers**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 74133985
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

The Court enters Judgments, a copy is attached hereto and incorporated herein by reference.

Court orders Clerk to give notice.

**McKINNEY  v.  PIECEMAKERS et al.  (30-2018) 00983085**

The Court enters Judgment in this matter (copy attached) as of this date.

October 25, 2023

John Gastelum

Judge, Orange County Superior Court

Exhibit 1 Page 10

Case 8:24-bk-11522-SC   Doc 446   Filed 01/28/26   Entered 01/28/26 15:56:09   Desc
Electronically Received by Superior Court of California-County of Orange, 08/25/2022 04:50:00 PM.
30-2018-00983085-CU-OE-CJC - ROA # 483 - DAVID H. YAMASAKI, Clerk of the Court By S. Juarez, Deputy Clerk.

Chris M. Heikaus Weaver, Bar No. 231907
Darren J. Campbell, Bar No. 223088
**Aitken Campbell Heikaus Weaver, LLP**
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: (949) 236-4626
Facsimile: (949) 608-1562

Attorneys for Plaintiff
MICHELLE MCKINNEY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**OCT 2 5 2023**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ORANGE COUNTY

| | |
|---|---|
| MICHELLE MCKINNEY an individual, | Case No. 30-2018-00983085-CU-OE-CJC |
| Plaintiff. | Assigned for All Purposes to Honorable Judge John Gastelum |
| v. | [~~PROPOSED~~] JUDGMENT |
| PIECEMAKERS, a general partnership; DOUGLAS FOLLETTE, an individual; BRENDA STANFIELD an individual and DOES 1 through 150, inclusive, | Complaint Filed:    April 2, 2018<br>Trial Date:          August 3, 2022 |
| Defendants. | |

1    A Jury of 12 persons was regularly impaneled and sworn to try the action. Witnesses on the part

2  of both plaintiff and defendants were sworn and examined. After hearing the evidence, the arguments of

3  counsel, and instructions of the court, the jury retired to consider their verdict, and on August 19, 2022,

4  the Jury returned to court, and being called, answered to their names and duly rendered their verdict in

5  writing, in words and figures, as follows:

6

7  We answer the questions submitted to us as follows:

8  1.    Did Michelle McKinney perform work for Piecemakers?

9         Answer:    Yes [X]    No _____

10   If your answer to question 1 is yes, then answer question 2. If you answered no, stop here,

11  proceed to question 6.

12  2.    Was Michelle McKinney paid less than the minimum wage by Piecemakers for some or all hours

13  worked?

14         Answer:    Yes [X]    No _____

15   If your answer to question 2 is yes, then answer question 3. If you answered no, proceed to

16  question 6.

17  3.    Did any of the hours for which Michelle McKinney received less than the minimum wage occur

18  after April 2, 2015?

19         Answer:    Yes [X]    No _____

20   If your answer to question 3 is yes, then answer question 4. If you answered no, proceed to

21  question 6.

22  4.    How many total number of hours did Michelle McKinney work for Piecemakers, but was paid

23  less than the minimum wage?

24         Total hours paid less than minimum wage after April 2, 2015      <u>1560</u>

25         Total hours paid less than minimum wage in 2016      <u>2000</u>

26         Total hours paid less than minimum wage in 2017      <u>480</u>

27

28

[PROPOSED] JUDGMENT

Exhibit 1 Page 12

4a.    Did Michelle McKinney prove that she did not discover and did not know of facts until after April 2, 2015 that would have caused a reasonable person to suspect, that she had suffered harm from a nonpayment of minimum wage that was caused by someone's wrongful conduct?

Answer:    Yes [X]    No _____

If your answer to question 4a is yes, then answer question 4b. If you answered no, proceed to question 5.

4b.    How many total number of hours did Michelle McKinney work for Piecemakers, but was paid less than the minimum wage?

| | |
|---|---|
| Total hours paid less than minimum wage in 1997 | <u>640</u> |
| Total hours paid less than minimum wage in 1998 | <u>2080</u> |
| Total hours paid less than minimum wage in 1999 | <u>2080</u> |
| Total hours paid less than minimum wage in 2000 | <u>2080</u> |
| Total hours paid less than minimum wage in 2001 | <u>2080</u> |
| Total hours paid less than minimum wage in 2002 | <u>2080</u> |
| Total hours paid less than minimum wage in 2003 | <u>2080</u> |
| Total hours paid less than minimum wage in 2004 | <u>2080</u> |
| Total hours paid less than minimum wage in 2005 | <u>2080</u> |
| Total hours paid less than minimum wage in 2006 | <u>2080</u> |
| Total hours paid less than minimum wage in 2007 | <u>2080</u> |
| Total hours paid less than minimum wage in 2008 | <u>2080</u> |
| Total hours paid less than minimum wage in 2009 | <u>2080</u> |
| Total hours paid less than minimum wage in 2010 | <u>2080</u> |
| Total hours paid less than minimum wage in 2011 | <u>2080</u> |
| Total hours paid less than minimum wage in 2012 | <u>2080</u> |
| Total hours paid less than minimum wage in 2013 | <u>2080</u> |
| Total hours paid less than minimum wage in 2014 | <u>2080</u> |
| Total hours paid less than minimum wage in 2015 (before Apr. 2) | <u>520</u> |

Exhibit 1 Page 13

5.      What is the total amount of minimum wage owed to Michelle McKinney?

$ 299,064.00

6.      Was Douglas Follette a partner of Piecemakers?

        Answer:      Yes [X]      No _____

7.      Was Brenda Stanfield a partner of Piecemakers?

        Answer:      Yes [X]      No _____

Proceed to question 8.

If your answer to question 1 was yes, then answer question 8. If you answered no to question 1, stop

here, proceed to question 13.

8.      Did Michelle McKinney work overtime?

        Answer:      Yes [X]      No _____

        If your answer to question 8 is yes, then answer question 9. If you answered no, stop here,

proceed to question 13.

9.      Did any of the overtime hours that Michelle McKinney worked occur after April 2, 2015?

        Answer:      Yes [X]      No _____

        If your answer to question 9 is yes, then answer question 10. If you answered no, stop here,

proceed to question 13.

10.     Did Piecemakers know, or should Piecemakers have known, that Michelle McKinney had

worked overtime?

        Answer:      Yes [X]      No _____

        If your answer to question 10 is yes, then answer question 11. If you answered no, stop here,

proceed to question 13.

11.     Was Michelle McKinney paid at a rate lower than the legal overtime compensation rate for any

overtime hours that she worked for Piecemakers in the following years?

| 2015(after April 2) | Answer: | Yes [X] | No _____ |
| 2016 | Answer: | Yes [X] | No _____ |
| 2017 | Answer: | Yes [X] | No _____ |

[~~PROPOSED~~] JUDGMENT

Exhibit 1 Page 14

1    If your answered yes to any of the years identified in question 11, then answer question 12. If

2    you answered no, proceed to question 13.

3    11a.    Did Michelle McKinney prove that she did not discover and did not know of facts until after

4    April 2, 2015 that would have caused a reasonable person to suspect, that she had suffered harm from a

5    nonpayment of overtime that was caused by someone's wrongful conduct?

6    Answer:    Yes [X]    No _____

7    If your answer to question 11a is yes, then answer question 11b. If you answered no, proceed to

8    question 12.

9    11b.    Was Michelle McKinney paid at a rate lower than the legal overtime compensation rate for any

10    overtime hours that she worked for Piecemakers in the following years?

11    | 1997 | Answer: | Yes [X] | No _____ |

12    | 1998 | Answer: | Yes [X] | No _____ |

13    | 1999 | Answer: | Yes [X] | No _____ |

14    | 2000 | Answer: | Yes [X] | No _____ |

15    | 2001 | Answer: | Yes [X] | No _____ |

16    | 2002 | Answer: | Yes [X] | No _____ |

17    | 2003 | Answer: | Yes [X] | No _____ |

18    | 2004 | Answer: | Yes [X] | No _____ |

19    | 2005 | Answer: | Yes [X] | No _____ |

20    | 2006 | Answer: | Yes [X] | No _____ |

21    | 2007 | Answer: | Yes [X] | No _____ |

22    | 2008 | Answer: | Yes [X] | No _____ |

23    | 2009 | Answer: | Yes [X] | No _____ |

24    | 2010 | Answer: | Yes [X] | No _____ |

25    | 2011 | Answer: | Yes [X] | No _____ |

26    | 2012 | Answer: | Yes [X] | No _____ |

27    | 2013 | Answer: | Yes [X] | No _____ |

28    | 2014 | Answer: | Yes [X] | No _____ |

2015(before April 2)        Answer:        Yes [X]        No _____

12.    What is the amount of overtime wages owed?

$ 297,914.40

Proceed to question 13.

If your answer to question 1 was yes, then answer question 13. If you answered no to question 1, stop here, proceed to question 17.

13.    Did Michelle McKinney's work with Piecemakers end?

Answer:        Yes [X]        No _____

If your answer to question 13 is yes, then answer question 14. If you answered no, stop here, proceed to question 17.

14.    Did Piecemakers willfully fail to pay the full amount of wages earned by Michelle McKinney within three days of her last day of employment?

Answer:        Yes [X]        No _____

If your answer to question 14 is yes, then answer question 15. If you answered no, stop here, proceed to question 17.

15.    Did Piecemakers willfully fail to pay the full amount of Michelle McKinney's wages for more than 33 calendar days after her last day of employment?

Answer:        Yes [X]        No _____

If your answer to question 15 is yes, then answer question 16. If you answered no, stop here, proceed to question 17.

16.    What was Michelle McKinney's daily wage rate at the time that her employment ended?

$ 84.00 per day

Proceed to question 17.

If your answer to question 1 was yes, then answer question 17. If you answered no to question 1, stop here, proceed to question 21.

17.    Did Piecemakers fail to provide Michelle McKinney with one or more 30-minute meal periods for each day she worked when required by law?

Answer:        Yes [X]        No _____

1    If your answer to question 17 is yes, then answer question 18. If you answered no, stop here,

2    proceed to question 21.

3    18.    Did any of the meal periods that Michelle McKinney was not provided occur after April 2, 2015?

4        Answer:    Yes [X]    No _____

5    If your answer to question 18 is yes, then answer question 19. If you answered no, stop here,

6    proceed to question 21.

7    19.    On how many days did Piecemakers fail to provide Michelle McKinney with at least one legally

8    required meal period?

9        6084 days

10    Proceed to question 20.

11    20.    What is the amount of wages owed?

12        $ 44,859.60

13    Proceed to question 21.

14    If your answer to question 1 was yes, then answer question 21. If you answered no to question 1, stop

15    here, proceed to question 25.

16    21.    Did Piecemakers fail to authorize or permit Michelle McKinney to take 10-minute rest breaks for

17    each day she worked when required by law?

18        Answer:    Yes [X]    No _____

19    If your answer to question 21 is yes, then answer question 22. If you answered no, stop here,

20    proceed to question 25.

21    22.    Did any of the rest breaks that Michelle McKinney was not authorized or permitted to take occur

22    after April 2, 2015?

23        Answer:    Yes [X]    No _____

24    If your answer to question 22 is yes, then answer question 23. If you answered no, stop here,

25    proceed to question 25.

26    23.    On how many days did Piecemakers fail to authorize or permit Michelle McKinney to take all

27    10-minute rest breaks as required by law?

28        6084 days

[PROPOSED] JUDGMENT

Exhibit 1 Page 17

Proceed to question 24.

24.    What is the amount of wages owed?

$ 44,859.60

Proceed to question 25.

25. Did Michelle McKinney perform work for Piecemakers?

Answer:    Yes [X]        No _____

If your answer to question 25 is yes, then answer question 26. If you answered no, stop here,

proceed to question 29.

26.    Did Piecemakers fail to provide paystubs with the required information?

Answer:    Yes [X]        No _____

If your answer to question 26 is yes, then answer question 27. If you answered no, stop here,

proceed to question 29.

27.    Was the failure by Piecemakers knowing and intentional?

Answer:    Yes [X]        No _____

If your answer to question 27 is yes, then answer question 28. If you answered no, stop here,

proceed to question 29.

28.    What are Michelle McKinney's damages?

$ 4,000.00

Proceed to question 29.

29. Was Michelle McKinney a dependent adult at the time of the conduct?

Answer:    Yes [X]        No _____

If your answer to question 29 is yes, then answer question 30. If you answered no, stop here,

proceed to question 34.

30. Did Piecemakers, Douglas Follette, and/or Brenda Stanfield take, appropriate, or retain Michelle

McKinney's property with the intent to defraud or by undue influence?

Answer:    Yes [X]        No _____

If your answer to question 30 is yes, then answer question 31. If you answered no, stop here,

proceed to question 34.

[PROPOSED] JUDGMENT                                    Exhibit 1 Page 18

31.    Did any of the conduct constituting taking, appropriating, or retaining Michelle McKinney's property occur after April 2, 2015?

        Answer:    Yes [X]    No _____

    If your answer to question 31 is yes, then answer question 32. If you answered no, stop here, proceed to question 34.

32. Was Piecemakers, Douglas Follette, and/or Brenda Stanfield's conduct a substantial factor in causing harm to Michelle McKinney?

        Answer:    Yes [X]    No _____

    If your answer to question 32 is yes, then answer question 33. If you answered no, stop here, proceed to question 34.

33. What are Michelle McKinney's damages?

    a. Past economic loss $ <u>596,983.40</u>

    b. Past noneconomic loss, including physical pain/mental suffering: $ <u>1,244,000</u>

    c. Future noneconomic loss, including physical pain/mental suffering: $ <u>500,000</u>

    TOTAL $ <u>2,340,983.40</u>

    d. What percentage of responsibility do you assign to each Defendant:

Piecemakers <u>70</u>%

Brenda Stanfield <u>2</u>%

Douglas Follette <u>28</u>%

    Proceed to question 34.

34. Was Piecemakers, Douglas Follette, and/or Brenda Stanfield's conduct outrageous?

        Answer:    Yes [X]    No _____

    If your answer to question 34 is yes, then answer question 35. If you answered no, stop here, proceed to question 40.

35.    Did any of the outrageous conduct occur after April 2, 2015?

        Answer:    Yes [X]    No _____

    If your answer to question 35 is yes, then answer question 36. If you answered no, stop here, proceed to question 40.

[PROPOSED] JUDGMENT

Exhibit 1 Page 19

36. Did Piecemakers, Douglas Follette, and/or Brenda Stanfield intend to cause Michelle McKinney emotional distress?

               Answer:      Yes [X]      No _____

       If your answer to question 36 is yes, then answer question 37. If you answered no, stop here, proceed to question 40.

37. Did Michelle McKinney suffer severe emotional distress?

               Answer:      Yes [X]      No _____

       If your answer to question 37 is yes, then answer question 38. If you answered no, stop here, proceed to question 40.

38. Was Piecemakers, Douglas Follette, and/or Brenda Stanfield's conduct a substantial factor in causing Michelle McKinney's severe emotional distress?

               Answer:      Yes [X]      No _____

       If your answer to question 38 is yes, then answer question 39. If you answered no, stop here, proceed to question 40.

39. What are Michelle McKinney's damages?

       a. Past noneconomic loss, including physical pain/mental suffering: $ 1,244,000

       b. Future noneconomic loss, including physical pain/mental suffering: $ 500,000

TOTAL $ 1,744,000

       c. What percentage of responsibility do you assign to each Defendant:

       Piecemakers 70%

       Brenda Stanfield 2%

       Douglas Follette 28%

       Proceed to question 40.

40. Did Piecemakers, Douglas Follette, and/or Brenda Stanfield engage in the conduct with malice, oppression, or fraud?

               Answer:      Yes [X]      No _____

Dated: 8/19/2022          Signed:    _____
                                             Presiding Juror

1  After all verdict forms have been signed, this verdict form must be delivered to the clerk or court

2  assistant.

3      After the return of the verdict above, additional evidence and arguments were presented on the

4  issue of punitive damages. After hearing the evidence, the arguments of counsel, and instructions of the

5  court, the jury retired to consider their verdict, and on August 24, 2022, the Jury returned to court, and

6  being called, answered to their names and duly rendered their verdict in writing, in words and figures, as

7  follows:

8  We answer the questions submitted to us as follows:

9  1.      What amount of punitive damages, if any, do you award Michelle McKinney?

10  As to Piecemakers, a general partnership:    $70,000

11  As to Douglas Follette:    $28,000

12  As to Brenda Stanfield:    $2,000

13

14  Please sign and date the form.

15

16  Dated: 8/25/2022

17

18  _____

19                                        Presiding Juror

20

21      WHEREFORE, by virtue of the law, and by reason of the premises aforesaid, it is ordered,

22  adjudged, and decreed that plaintiff, MICHELLE MCKINNEY, have and recover from defendants,

23  PIECEMAKERS, a general partnership, DOUGLAS FOLLETTE, and BRENDA STANFIELD,

24  $1,190,899.50, plus costs in an amount to be determined plus attorney's fees in an amount to be

25  determined plus prejudgment interest in the amount of $1,061,300.88, all jointly and severally. In

26  addition, plaintiff MICHELLE MCKINNEY shall have and recover from defendant PIECEMAKERS, a

27  general partnership, $1,290,800.00; from defendant DOUGLAS FOLLETTE, $516,320.00, and from

28

[~~PROPOSED~~] JUDGMENT

Exhibit 1 Page 21

defendant BRENDA STANFIELD, $36,880.00.  Plaintiff shall be entitled to post-judgment interest on

all amounts at the legal rate of 10% from the date of judgment.


DATE: __10-25-23__

HONORABLE JOHN GASTELUM
JUDGE OF THE SUPERIOR COURT

12

[PROPOSED] JUDGMENT

Exhibit 1 Page 22

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 17701 Cowan Avenue, Suite 210, Bldg. D, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/28/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ralph Ascher**    ralphascher@aol.com, richardvergeldedios@gmail.com
- **Robert P Goe**    rgoe@goeforlaw.com,
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Marshall J Hogan**    mhogan@swlaw.com, fcardenas@swlaw.com
- **Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
- **Anne C Manalili**    anne.manalili@sba.gov
- **Karen S Naylor (TR)**    alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Nanette D Sanders**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) January 28, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 28, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson, USBC, 411 W. Fourth Street, Suite 5130, Santa Ana, CA 92701

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/28/2026 | Janine Fountain | /s/ Janine Fountain |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT TO PROOF OF SERVICE

2. **SERVED BY UNITED STATES MAIL**:

<u>Debtor</u>
Piecemakers
1920 Swan Drive
Costa Mesa, CA 92626

Bondcorp Realty Services, Inc., a California Corporation
1200 Quail Street, #170
Newport Beach, CA 92660

Rushmore Loan Management Services LLC
15480 Laguna Canyon Rd, Suite 100
Irvine, CA 92618

Bondcorp Realty Services, Inc., a California Corporation
c/o National Registered Agents, Inc., Agent for Service of Process
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**